[No. 5790.]

SILKA ET AL. V. QUINN ET AL.

1. **Damages—Profits**—Lessees of a mine were enjoined from operating it. The injunction was dissolved. They had contracted for the sale of all the product of the mine. It was shown with reasonable certainty that they might, if they had not been interrupted, have extracted and sold a specified tonnage, and the profit per ton which they would have gained was also shown. Held in an action on the injunction bond that they were entitled to recover these profits.—(597)

2. **Evidence—Competency**—Plaintiff being in possession of a coal mine upon certain public lands, under lease from one who had entered the lands, was enjoined from operating it at the suit of an adverse claimant. The entry of this claimant was afterwards annulled for fraud in the land department. The injunction was dissolved, and plaintiffs brought an action upon the injunction bond. Held, the receiver's receipt issued to the defendant upon his entry was not admissible.—(598).

*Appeal from Gunnison District Court*—Hon. THERON STEVENS, Judge.

Mr. SPRIGG SHACKELFORD, and Mr. SAMUEL D. CRUMP, for appellant.

Messrs. BROWN & NOURSE, and Mr. DEXTER T. SAPP, for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

This action was submitted and argued in connec-

tion with No. 5789, *The Baldwin Star Coal Company v. Quinn et al., ante,* 590. The judgment for plaintiffs on the first trial was reversed by the court of appeals for the same reason that required a reversal in the other cause.—19 Col. App. 507. The facts out of which the controversy arose are the same in the two actions, and the evidence was substantially the same at both trials. This action is by the lessees of the coal company, to recover damages sustained by them as the result of the service of the writ of injunction referred to in the opinion in the other action, which prevented them for several months from mining, shipping and selling coal, the right to do which was given them under the lease from The Baldwin Coal Company.

The case was submitted to the jury, which returned a verdict for defendants. It cannot stand. We need not repeat what was said in the opinion in the other case as to the controlling questions of law. The only damages sought to be recovered here are the profits which plaintiffs probably might have made had not the injunction been issued. It is a case where the business was an established one. There was an outstanding contract for the sale of all coal which plaintiff could mine. The evidence discloses these facts, and that plaintiffs could and would, with reasonable certainty, have mined and delivered and shipped a given number of tons on which it would have made a profit of a fixed sum per ton. It was conceded that plaintiffs were prevented by the injunction from working the mine. Upon these material facts there was no controversy, except that, according to the indefinite recollection of a witness for defendant, during the winter in question there was much snow, and on some of the days the railroad was blocked and shipments could not be made; but the number of the days was not specified. There

was no proof that all the coal defendants mined would not, or could not, have been delivered and transported during the term of their lease. Certainly there was testimony, reasonably certain and definite and precise, to warrant a judgment in favor of plaintiffs. The only thing for the jury to do, if they believed plaintiffs' evidence, was to make a mathematical computation in order to determine the amount of profits.

We can account for the verdict only on the ground that the jury were misled to plaintiff's prejudice by the ruling of the court, over their objection, in admitting in evidence, at the request of defendants, the receiver's receipt for the land including this coal mine, which was issued to Quinn by the land department. It appeared from the defendants' answer itself that this receipt was subsequently canceled by the land department because Quinn's entry was fraudulent. It therefore conferred no rights whatever upon him and it should not have been received in evidence. The only purpose of its introduction, and it undoubtedly accomplished that object, was to induce the jury to believe that at the time Quinn sued out the writ of injunction which restrained plaintiffs from working the mine, he was the owner of the property in question, and therefore plaintiffs had no right to mine coal, and were not damaged by the granting of the writ which prevented their doing so. For this prejudicial error alone the judgment would have to be reversed. It was determined in the other action that plaintiffs' lessor was the equitable owner of the property at the time Quinn sued out the injunction, and that Quinn never had any valid rights in the premises which he could enforce in court. And we say, as did the court of appeals in its opinion on the review of the judgment rendered in this action at the first trial, that these lessees are entitled to re-

cover upon the injunction bond damages such as were the direct and proximate result of the service of the writ of injunction.

The judgment is reversed and the cause remanded, with instructions to the district court, if further proceedings are had, they be in accordance with the views herein expressed.

*Reversed and remanded.*

Chief Justice Steele and Mr. Justice Musser concur.